NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT P. TRAVERS, P.C., <br>       Plaintiff, <br> v. <br> TRISTATE CAPITAL BANK, <br>       Defendant. | Civil Action No.: 25-2252 <br><br> **OPINION & ORDER** |

**CECCHI, District Judge.**

Before the Court is defendant Tristate Capital Bank's ("Defendant") motion to transfer this action to the U.S. District Court for the Western District of Pennsylvania. ECF Nos. 6, 6-1, 9. Plaintiff Robert P. Travers, P.C. ("Plaintiff") opposed the motion (ECF No. 11), and Defendant replied. ECF No. 13. Also pending before the Court is Defendant's motion to dismiss (ECF Nos. 5, 7, 7-1) Plaintiff's complaint. ECF No. 1-1 ("Compl."). Plaintiff opposed that motion (ECF No. 15), and Defendant replied. ECF No. 16. The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendant's motion to transfer is denied and its motion to dismiss is granted.

**I.   BACKGROUND**[1]

The Complaint sets out the following facts. Defendant provided Plaintiff with a line of credit pursuant to a Credit, Pledge and Security Agreement (the "Agreement") between Plaintiff and Defendant.[2] Compl. ¶ 3. The Agreement contains a forum selection clause: "If there is a

---

[1] The following facts are accepted as true for the purposes of the motion to dismiss.

[2] On a motion to dismiss, a court may "consider documents integral to or explicitly relied upon in the complaint or any undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Motor v. Wesco Distribut., Inc.*, 102 F.4th 172, 178 (3d Cir. 2024) (cleaned up). Defendant has attached the Agreement as an exhibit to its motion to dismiss. ECF No. 7-3, Ex. 1. Plaintiff does not dispute the authenticity of this document, which is explicitly referenced in the Complaint. *See* Compl. ¶ 3. Accordingly, the Court will consider the Agreement in deciding this motion. *See Lukacs v. Purvi Padia Design LLC*, No. 21-19599, 2022 WL 2116868, at *1 n.1 (D.N.J. June 13, 2022).

1

lawsuit, you agree upon our request to submit to the jurisdiction of the courts of Allegheny County, Commonwealth of Pennsylvania." Agreement at 17. The line of credit extended under the Agreement was secured by an account (the "Account") of Plaintiff at LPL Financial, LLC ("LPL"). Compl. ¶ 4. The Account contained approximately 7.6 million shares of two different Credit Suisse bonds—CUSIP 22550L2D2 (the "2D2 Bonds") and CUSIP 225433AT8 (the "AT8 Bonds"). Id. ¶ 5.

On March 15, 2023, one of Defendant's executives spoke with an LPL representative and stated that Defendant was taking control of the Account, Id. ¶¶ 8–9, which Defendant asserts was necessary to protect the collateral. ECF No. 7-1 at 1–2. Defendant's executive demanded that LPL immediately sell all shares of the two Credit Suisse bonds in the account. Compl. ¶ 9. On the same day, Credit Suisse made a tender offer on certain debt securities, including the 2D2 Bonds. Id. ¶¶ 10–12. Despite these actions, LPL sold all shares of the 2D2 Bonds in the Account that day at Defendant's direction. Id. ¶¶ 13–14. The market price of the 2D2 Bonds increased in the days following Defendant's forced sale of the shares in the Account. Id. ¶¶ 14–15.

On the morning of March 16, 2023, Defendant again demanded that LPL liquidate the shares of the AT8 Bonds in the Account regardless of whether Plaintiff was willing to put up additional collateral for the line of credit. Id. ¶¶ 16–18. LPL complied with the demand and sold all the shares. Id. ¶ 19. The market price of the AT8 Bonds increased in the days following Defendant's forced sale of the shares in the Account. Id. ¶¶ 19–20.

Plaintiff originally filed this action in the Superior Court of New Jersey, Law Division, Bergen County. ECF No. 1. The Complaint raises two claims. First, it asserts a breach of contract claim for Defendant's "forcing the liquidation of shares" of the two bonds in the Account. Id. ¶¶ 21–26. Second, Plaintiff alleges a breach of the covenant of good faith and fair dealing, contending

that "Defendant's conduct . . . is indicative of a lack of good faith." *Id.* ¶¶ 27–31. Defendant removed the action to this Court, invoking diversity jurisdiction. ECF No. 1. Defendant now moves to transfer this action or alternatively to dismiss the complaint. ECF Nos. 5–7, 9.

## II.     LEGAL STANDARD

### A.     Motion to Transfer

A district court may transfer a civil action under 28 U.S.C. § 1404(a) to any other district to which the parties have consented, including through a contractual forum selection clause. *Panaserve, LLC v. Trion Sols., Inc.*, No. 20-13838, 2021 WL 2644122, at *6 (D.N.J. June 28, 2021) (citing *Atl. Marine Constr. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 59 (2013)). A federal court, however, may not transfer a case under section 1404(a) "when a forum selection clause specifies a non-federal forum." *Scott Jordan Int'l, Inc v. Lexmark Carpet Mills, Inc.*, No. 22-6551, 2023 WL 5353172, at *7 (D.N.J. Aug. 21, 2023) (quoting *Salovaara v. Jackson Nat. Life Ins. Co.*, 246 F.3d 289, 298 (3d Cir. 2001)).

### B.     Motion to Dismiss

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). A claim is facially plausible when supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that contains "a formulaic recitation of the elements of a cause of action" supported by mere conclusory statements or offers "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (citation omitted). In evaluating the sufficiency of a complaint, the court accepts all factual allegations as true, draws all

reasonable inferences in favor of the non-moving party, and disregards legal conclusions. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231–34 (3d Cir. 2008).

### III.   DISCUSSION

#### A.   Motion to Transfer

Defendant moves to enforce the forum selection clause in the Agreement and transfer this action to the U.S. District Court for the Western District of Pennsylvania. ECF No. 6-1 at 2. It argues that the clause, which provides that a lawsuit under the Agreement be submitted "to the jurisdiction of the courts of Allegheny County, Commonwealth of Pennsylvania," is broad enough to include both federal and state courts that have jurisdiction in Allegheny County. *Id.* at 1; ECF No. 13 at 2–6. Plaintiff does not contest that the forum selection clause is valid or that it applies to this dispute. Rather, it contends that the clause designates only state courts, and so the Court should deny the motion to transfer to a federal court even if that court embraces Allegheny County. ECF No. 11.

The Court agrees with Plaintiff. The phrase "*of* [a state]" or county in a forum selection clause "connote[s] sovereignty, limiting jurisdiction" to state or county courts. *See New Jersey v. Merrill Lynch & Co.*, 640 F.3d 545, 549 (3d Cir. 2011) (emphasis and alterations in original) (quoting *FindWhere Holdings, Inc. v. Sys. Env't Optimization, LLC*, 626 F.3d 752, 755 (4th Cir. 2010)); *see also Volvo Fin. Servs., LLC v. Financiera TFC S.A.*, No. 12-5609, 2013 WL 3761035, at *3 (D.N.J. July 16, 2013) (holding that a forum selection clause stating that an action "shall be submitted to the jurisdiction of the . . . courts *of* the State of New Jersey" meant that the parties "only agree[d] to submit to the jurisdiction of New Jersey State courts and not federal courts" (emphasis in original)); *Sahara Sam's Oasis, LLC v. Adams Cos., Inc.*, No. 10-881, 2010 WL 3199886, at *6 (D.N.J. Aug. 12, 2010) ("As a matter of contract interpretation, when a contract

term refers to the courts 'of' a certain state or county, it is a marker of sovereignty rather than geography, and therefore only state courts are implicated." (citation omitted)); *W.G. Nichols, Inc. v. CSK Auto, Inc.*, No. 01-3789, 2001 WL 1486516, at *5 (E.D. Pa. Nov. 21, 2001) (finding that a forum selection clause designating "courts 'of' Maricopa County . . . suggests literally the Maricopa County courts and not any court which sits 'in' the County or whose jurisdiction includes the County"). Conversely, forum selection clauses "that specify courts '*in*' a state . . . have been interpreted as permitting jurisdiction in both state and federal courts in the named state." *Deckard v. Emory*, No. 17-5182, 2020 WL 3960421, at *5 n.7 (E.D. Pa. July 13, 2020) (emphasis added) (citing *Merrill Lynch*, 640 F.3d at 548–59); *see also Asphalt Paving Sys., Inc. v. Gen. Combustion Corp.*, No. 13-7318, 2015 WL 167378, at *5 n.5 (D.N.J. Jan. 13, 2015) (finding that a forum selection clause was broad enough to include both federal and state forums where it provided for "jurisdiction in 'a court *in* Orange County, Florida,' rather than 'the court *of* Orange County, Florida'" (emphasis in original)). The forum selection clause here designates "courts *of* Allegheny County." Agreement at 17 (emphasis added). Accordingly, the clause does not include any federal court that embraces Allegheny County, but rather only the Pennsylvania state courts in that county. *See Sahara Sam's Oasis*, 2010 WL 3199886, at *6 (holding that a federal district court is not a court "of Tulsa County, Oklahoma" even if it sits in that county).

The authorities cited by Defendant do not compel a different conclusion. *See* ECF No. 13 at 3–4. In five of these cases, the forum selection clauses did not specify forum in the courts "of" a jurisdiction. *See Castle Co-Packers, LLC v. Busch Machinery, Inc.*, 687 F. Supp. 3d 659, 669 n.1 (W.D. Pa. 2023) ("[L]egal jurisdiction . . . is Pima County in the State of Arizona."); *Grasso Foods, Inc. v. Entex Techs. Inc.*, No. 21-17788, 2022 WL 2046936, at *2 (D.N.J. June 7, 2022) ("Venue for this purchase order shall be Orange County, NC."); *Mizauctions, LLC v. Cross*, No.

5

17-2935, 2017 WL 3602079, at *3 (E.D. Pa. Aug. 22, 2017) ("All disputes arising hereunder shall be litigated solely in courts located in Lancaster County, Pennsylvania."); *Feldman v. Google, Inc.*, 513 F. Supp. 2d 229, 232 (E.D. Pa. 2007) ("The Agreement must be . . . adjudicated in Santa Clara County, California."); *Int'l Ass'n of Bridge, Structural and Ornamental Iron Workers v. Koski Constr. Co.*, 474 F. Supp. 370, 371 (W.D. Pa. 1979) ("The parties to this Contract hereby agree that the proper venue for the institution of any action . . . shall be in Erie County, Pennsylvania."). In the other three cases cited by Defendant, the contracts stated that a lawsuit may be brought in a "court of competent jurisdiction" in a particular state or county. *See Warren v. Donegal Mut. Ins. Co.*, No. 22-1309, 2023 WL 3260727, at *4 (M.D. Pa. May 4, 2023) ("A legal action may be brought . . . only in a court of competent jurisdiction in the county and state of your legal domicile at the time of the accident."); *Otto v. Erie Ins. Exchange*, 11 F. Supp. 3d 482, 483–84 (E.D. Pa. 2014) ("Suit must be brought in a court of competent jurisdiction in the county and state of [the plaintiffs'] legal domicile at the time of the accident."); *Epps v. 1.I.L., Inc.*, No. 07-2314, 2007 WL 4463588, at *2 (E.D. Pa. Dec. 19, 2007) ("[A]ny dispute . . . can only be brought in a court of competent jurisdiction located in Wayne County Pennsylvania."). In either group of cases, the contract language is meaningfully different from that in the forum selection clause here, which provides only for an action to proceed in the "jurisdiction *of* the courts of Allegheny County." Agreement at 17 (emphasis added). Thus, these authorities do not provide reason to depart from the interpretation of the forum selection clauses that are similar to the one in the Agreement. *See, e.g.*, *Merrill Lynch*, 640 F.3d at 549; *Sahara Sam's Oasis,* 2010 WL 3199886, at *6.

      Defendant additionally argues that use of the plural "courts," rather than "court" demonstrates that the parties intended to include both federal and state courts. ECF No. 13 at 3. But this plural language is at best ambiguous, and Defendant cites no authority to support its

position that "courts" necessarily means both court systems. In fact, courts have found forum selection clauses to be limited to state courts even with such plural language. *See Merrill Lynch*, 640 F.3d at 548 (rejecting the argument that "*courts* of the State [of] New Jersey" must include federal courts because New Jersey has a unified Superior Court (emphasis added)); *Sahara Sam's Oasis*, 2010 WL 3199886, at *2, 5–6 (finding that contractual language limiting forum to no "court other than *those* of Tulsa County, Oklahoma" and waiving objection to "jurisdiction of the *courts* of Tulsa County, Oklahoma" precluded transfer to the federal court in that county (emphasis added)).

Accordingly, the Court finds that the forum selection clause only designates the state courts of Allegheny County, Pennsylvania, and not any federal court embracing that county. As a federal court may not transfer a case to another federal court where a forum selection clause provides for venue in a non-federal forum, Defendant's motion to transfer is denied.[3] *Scott Jordan Int'l*, 2023 WL 5353172, at *7 (quoting *Salovaara*, 246 F.3d at 298).

### B.     Motion to Dismiss

The Agreement states that it "will be governed by federal law" or "to the extent not preempted by federal law, the laws of the Commonwealth of Pennsylvania." Agreement at 16. The interpretation of a contract is a question of state law. *Collins v. Mary Kay, Inc.*, 874 F.3d 176, 182 (3d Cir. 2017). Given the choice of law provision adopting Pennsylvania law and that neither party contests that this law should apply, the Court will analyze the claims under Pennsylvania law.

---

[3] A forum selection clause designating a state forum may be enforced through the doctrine of *forum non conveniens* rather than through a motion to transfer. *Hydak v. Dominion Energy Transmission, Inc.*, No. 21-1066, 2022 WL 1423283, at *3 n.5 (W.D. Pa. May 5, 2022) (citing *Atl. Marine Constr.*, 571 U.S. at 59–60). Under Third Circuit precedent, a party can also enforce such a clause under Rule 12(b)(6). *Id.* (citing *Salovaara*, 246 F.3d at 298). Although Defendant moves to dismiss under Rule 12(b)(6) for failure to state a claim, it does not appear to move to dismiss on the basis of the forum selection clause. In any event, as discussed below, the Court will grant dismissal under Rule 12(b)(6) for failure to state a claim.

       *i.*      *Breach of Contract*

A cause of action for breach of contract under Pennsylvania law requires pleading (1) a contract, (2) a breach of a duty imposed by the contract, and (3) damages. *Ebrahimzadeh v. Sharestates Invs., LLC*, No. 18-1659, 2018 WL 6065419, at *5 (E.D. Pa. Nov. 20, 2018) (citing *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999)). Defendant argues that the Complaint does not allege the second element because it does not specify any duty imposed in the Agreement that Defendant breached. ECF No. 7-1 at 9. Plaintiff did not meaningfully contest the insufficiency of its breach of contract claim in its opposition brief. *See generally* ECF No. 15.

The Complaint asserts that "Defendant breached the contract by forcing the liquidation of shares" in the two bonds. Compl. ¶ 24. Plaintiff neither states what duty in the Agreement was implicated by Defendant's conduct nor how Defendant breached that duty. Plaintiff has thus failed to plead the second element of its breach of contract claim. *See Ebrahimzadeh*, 2018 WL 6065419, at *5 (rejecting as insufficient plaintiffs' conclusory allegations that "Defendants . . . breached . . . duties imposed in the contracts"); *Elliot v. Pa. Interscholastic Athletic Assoc., Inc.*, 486 F. Supp. 3d 838, 855 (M.D. Pa. 2020) ("[I]n breach of contract claims, the plaintiff must show specific contract terms which were violated."). Accordingly, the Court will dismiss Plaintiff's breach of contract claim.

       *ii.*      *Breach of the Duties of Good Faith and Fair Dealing*

Under Pennsylvania law, a claim for breach of the duties of good faith and fair dealing is, "in effect, a claim for breach of the underlying contract." *Ebrahimzadeh*, 2018 WL 6065419, at *6. To state this claim, Plaintiff must allege (1) a contract, (2) a breach of the duties of good faith

and fair dealing by breaching a specific contractual duty, and (3) damages. *Scott v. Foremost Ins. Co.*, No. 15-3257, 2015 WL 5818267, at *4 (E.D. Pa. Sept. 30, 2015).

Plaintiff fails to state a claim on this count. Absent the assertion of a "clearly articulated breach" of the Agreement, a good faith and fair dealing claim is "fatal[ly] flaw[ed]." *Angino v. BB&T Bank*, No. 15-2105, 2016 WL 4408835, at *10 (M.D. Pa. June 7, 2016), *report and recommendation adopted*, 2016 WL 4366962 (M.D. Pa. Aug. 16, 2016). Again, Plaintiff has not pled how Defendant breached the Agreement and so has failed to plead this claim.

Further, the scope of these duties "in a borrower-lender transaction is narrowly defined and does not entail some legal obligation on the part of the lender to unilaterally agree to undermine, modify or defeat its own legal rights and interests under a commercial agreement." *Id.* A lender thus "does not violate a separate duty of good faith by adhering to its agreement with the borrower or by enforcing its legal and contractual rights as a creditor." *Stobba Residential Assocs., L.P. v. FS Rialto 2019-FL 1 Holder, LLC*, 311 A.3d 573, 573 (Pa. Super. Ct. 2023) (quoting *Creeger Brick & Bldg. Supply Inc. v. Mid-State Bank & Tr. Co.*, 560 A.2d 151, 154 (Pa. Super. Ct. 1989)). The facts pled suggest that the Defendant invoked its right under the Agreement to force the sale of the collateral. Nothing in the Complaint indicates that Defendant was doing anything other than taking advantage of its contractual rights as the creditor. Accordingly, the Court will dismiss the claim for breach of the duties of good faith and fair dealing.[4]

## IV. CONCLUSION

Accordingly, for the reasons stated above, **IT IS** on this 24th day of November, 2025;

---

[4] Defendant argues that amendment would be futile, and thus the Court should not grant dismissal with leave to amend. ECF No. 7-1 at 12–13; ECF No. 16 at 13–14. Because the Court cannot determine that amendment would be futile based on the limited factual allegations before it, the Court will grant Plaintiff leave to amend. *See Barone v. Allegheny Cnty.*, No. 23-1691, 2025 WL 2371205, at *8 (W.D. Pa. Aug. 14, 2025).

9

**ORDERED** that Defendant's motion to transfer this matter to the U.S. District Court for the Western District of Pennsylvania (ECF Nos. 6, 9) is **DENIED** without prejudice; and it is further

**ORDERED** that Defendant's motion to dismiss (ECF Nos. 5, 7) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (ECF No. 1-1) is **DISMISSED** without prejudice; and it is further

**ORDERED** that Plaintiff shall have thirty (30) days from entry of this Opinion and Order to submit an amended complaint that addresses the deficiencies identified in this Opinion and Order.  Insofar as Plaintiff submits a further amended complaint, it shall also provide a form of the amended complaint that indicates in what respect it differs from the current complaint, by bracketing or striking through materials to be deleted and underlining materials to be added.  *See* L. Civ. R. 15(a)(2); and it is further

**ORDERED** that the Clerk's Office is directed to mark this case as **CLOSED**.

**SO ORDERED.**

*s/ Claire C. Cecchi*
**CLAIRE C. CECCHI, U.S.D.J.**